

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# USA v. Dion Barnard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3202

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Dion Barnard" (2009). *2009 Decisions*. Paper 1643.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1643

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3202

_____

UNITED STATES OF AMERICA

v.

DION L. BARNARD,

Appellant.

_____

On Appeal from the United States District Court
for the District of Delaware
(Crim. Action No. 06-73-GMS)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2009

Before:   RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed: March 30, 2009)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Dion Barnard challenges the District Court's Order denying his motion to dismiss

the indictment against him.  On appeal, he argues, as he argued before the District Court,

that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution prohibits his re-trial. For the following reasons, we will affirm.

## I.    Background

Because we write for the parties, who are familiar with the factual background of this matter, we recount only those facts that are relevant to our disposition.

On June 27, 2006, the Grand Jury for the District of Delaware indicted Barnard on one count of distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). His trial commenced on May 12, 2008. During its case-in-chief, the government called as a witness a confidential informant who testified that he had arranged for and completed a controlled drug buy from Barnard.

In order to link Barnard to the package of cocaine base that he allegedly sold to the informant, the government intended to show that the fingerprints on the package matched those on an FBI fingerprint card bearing Barnard's name.[1] To authenticate the card, the government called U.S. Deputy Marshall Robert Henderson.[2] He testified that when a person's fingerprints are taken, the system searches the FBI database for a match, and, if there is a match, the system retrieves the person's information. He also testified that

---

[1] The government asked Barnard to stipulate to the fingerprint exemplar's authenticity, but Barnard declined.

[2] Henderson was identified as the user who entered Barnard's fingerprints into the system. But, because the office was having difficulties accessing certain accounts at that time (and, as a result, some marshals had to log in under others' user names), the government could not rely on computer records for authentication. Furthermore, Henderson could not recall processing Barnard.

Barnard's information was in the system at the time of his arrest and that, accordingly, he had an FBI record number. Although the government apparently had told Barnard that it planned to authenticate the fingerprint card in this fashion, Barnard immediately moved for a mistrial, arguing that the jury would infer from Henderson's testimony that Barnard had a criminal record. The Court granted his motion "out of an abundance of caution."

On June 9, 2008, Barnard moved to dismiss the indictment against him, contending that the Double Jeopardy Clause barred the government from retrying him. The District Court denied his motion on July 10, 2008, and this timely appeal followed.

## II. Discussion[3]

"We exercise plenary review over the District Court's resolution of constitutional issues, including legal questions concerning Double Jeopardy challenges." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (citation omitted). However, we review the Court's factual findings for clear error. *E.g.*, *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (citation omitted).

When a defendant has "succeeded in aborting [a trial] on his own motion," the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution bars re-trial "[o]nly where the governmental conduct in question is intended to 'goad' the defendant

---

[3]The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651 (1977) (orders rejecting claims of "former jeopardy" constitute final decisions under § 1291).

3

into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982). It is the defendant's burden to prove such intent. *See United States v. Williams*, 472 F.3d 81, 85-86 (3d Cir. 2007) ("[A]pplication of the double jeopardy bar is dependent on a showing of the prosecutor's subjective intent to cause a mistrial in order to retry the case."); *United States v. Perlaza*, 439 F.3d 1149, 1173 (9th Cir. 2006) ("For the Double Jeopardy Clause to bar retrial, Defendants must demonstrate [intentional provocation by the prosecutor].") (citing *Kennedy*, 456 U.S. at 676). According to the District Court, Barnard did not establish that the prosecutor intended to subvert the protections against double jeopardy. Barnard contests that finding, but, because it is not clearly erroneous, his challenge must fail.[4]

In *United States v. Curtis*, 683 F.2d 769 (3d Cir. 1982), we articulated a number of issues for courts to consider in assessing whether a prosecutor intentionally provoked a motion for a mistrial. They are: (1) whether the record contains any indication that the prosecutor believed the defendant would be acquitted; (2) whether a second trial would be desirable for the government; and (3) whether the prosecutor justified his remarks to the trial court. *Id.* at 777-78. The District Court determined that none of those factors supported a finding of intentional provocation. We agree with each of the Court's conclusions.

---

[4]The subjective intent of the prosecutor is a factual question and is thus subject to clear error review. *United States v. Curtis*, 683 F.2d 769, 776-77 (3d Cir. 1982).

4

Barnard argues that the prosecutor had reason to expect an acquittal based on the questionable credibility of its confidential informant – a convicted drug dealer awaiting sentence, who stood to benefit from assisting the government.  But his claim is undercut by the fact that the prosecutor chose to call the witness with full knowledge of the potential for impeachment. It was the prosecutor who elicited from the witness his criminal record and his cooperation with the government, and Barnard's cross-examination produced no startling revelations that further compromised the witness's credibility.  Moreover, the government expected to present fingerprint evidence that would link Barnard to a package of cocaine base, thus corroborating the informant's account of what transpired.  Barnard has identified the informant's flaws, but he has not demonstrated how the informant was a detriment to the government's case, and he has not established that the prosecutor had reason to believe that the jury would acquit.

Barnard also contends that the mistrial was advantageous to the government because it afforded the government the opportunity to locate the agent who actually took Barnard's fingerprints.  However, Barnard fails to recognize that the government had a plan for authenticating the fingerprints at trial – one that Barnard knew about and did not object to until Deputy Marshall Henderson revealed that Barnard had an FBI number.  It would make no sense for the prosecutor, who evidently believed that she had a legitimate way to authenticate the prints, to force a mistrial in order to find a different means of

5

authentication. Thus, Barnard's contention does not support a finding of intentional provocation.

Finally, Barnard claims that the government never offered a plausible justification for the actions that led to the mistrial. The prosecutor explained, both at trial and in its brief in response to Barnard's motion for dismissal, that she presented testimony regarding Barnard's FBI number because Barnard would not stipulate to the fingerprint exemplar's authenticity and she could not determine which agent had actually taken the fingerprints. According to Barnard, that explanation is implausible because, instead of putting Henderson on the stand, the government could have called another witness to authenticate the fingerprint card. Barnard does not explain who this other witness might be or how the witness would have authenticated the card without mentioning the fact that Barnard's information was in the FBI database at the time of his arrest. A vague suggestion that the government might have had other options for authenticating the fingerprint card does not establish that the government's justification was implausible.

At the root of Barnard's appeal is his sense that the prosecutor was overzealous in her attempt to authenticate the fingerprint exemplar, so overzealous that, in establishing its authenticity, she solicited testimony from which the jury could infer that Barnard had a criminal record. However, the Supreme Court has explicitly rejected the notion that prosecutorial overreaching, absent a specific intent to provoke a mistrial, violates the Double Jeopardy Clause. *Kennedy*, 456 U.S. at 674-75. The remedy for such

6

overreaching is a mistrial, not dismissal of the indictment against the defendant. Assuming there was overreaching here – an issue that is not before us – a mistrial is precisely the relief that Barnard got, and he is entitled to nothing more.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's Order denying Barnard's motion to dismiss the indictment against him.